# EXHIBIT 4



**Javaria Neagle**
Associate General Counsel–Litigation
javaria.neagle@united.com

Legal Department HDQLD
233 S. Wacker Drive, 11th floor
Chicago, IL 60606
united.com

October 24, 2024

**VIA FEDERAL EXPRESS & VIA EMAIL**

Kiwi.com, Inc.
c/o its Registered Agent
Northwest Registered Agent Service, Inc.
8 The Green, Suite B
Dover, Delaware 19901

**Re:     Cease and Desist and Demand to Preserve Records**

To Whom it May Concern:

I write on behalf of United Airlines, Inc. ("United") to demand that Kiwi.com, Inc., along with any third-parties or affiliates acting for or on its behalf (collectively, "Kiwi"), immediately cease and desist from improperly accessing and using United's website, advertising and selling United's fares on Kiwi.com, and misusing United's registered trademarks. As described more fully below, Kiwi's unlawful conduct violates and induces violations of United's Contract of Carriage and its Booking and Ticketing Policy, violates the United.com User Agreement, infringes on United's registered trademarks, and violates various state and federal laws.

Please confirm in writing within seven (7) days of the date of this letter that Kiwi will comply with United's demands to cease and desist as described herein. Please also consider this correspondence to be a demand for the preservation of any and all documents, records, and data that relate in any way to the issues raised in this letter in anticipation of litigation should Kiwi fail to comply with United's demands.

**I.     Through its "Travel Hacks," Kiwi Violates the United.com User Agreement and Induces Breaches of United's Contract of Carriage and United's Booking and Ticketing Policy.**

Kiwi markets various "travel hacks," knowingly inducing consumers to violate United's Contract of Carriage. Specifically, Kiwi markets "self-transfer," "hidden cities ticketing," and "throwaway ticketing" to consumers. Each of these practices is prohibited by United's Contract of Carriage, which bars "[a]ny practice that United believes, in its sole discretion, is exploitative, abusive or that manipulates/bypasses/overrides United's fare and ticket rules." *See* United Contract of Carriage at Rule 6.J(6) ("Prohibited Practices"), available at https://www.united.com/en/us/fly/contract-of-carriage.html. Further, United's Contract of Carriage explicitly references "hidden cities ticketing" and "throwaway ticketing" as practices prohibited by United. *Id.* at Rule 6.J(1)-(2). Kiwi is undoubtedly aware of these prohibitions. Indeed, as shown by the screenshots below, Kiwi acknowledges that its "travel hacks" do not comply with airlines' "conventional rules," and even explicitly acknowledges that at least some of the hacks "might be against airline policy":

October 24, 2024
Page 2



## What are travel hacks?

Travel hack itineraries are unique combinations of routes, carriers, or types of transport you most probably won't find anywhere else. They're cheaper than regular one-way or round-trip tickets offered by the airlines, but don't follow the conventional rules.

Each travel hack is different so you should pay special attention to the details to know what to expect during your trip. Here's a short summary of the most common hacks we use:

## What's the catch?
### It might be against airline policy

Accordingly, by marketing and selling airfare itineraries involving "travel hacks" to consumers, Kiwi is knowingly and willfully inducing those consumers to breach United's Contract of Carriage.

Kiwi's marketing and selling airfare itineraries involving "travel hacks" likewise violates—and induces violations of—United's Booking and Ticketing Policy. *See* Booking and Ticketing Policy, available at https://jetstream.united.com/#/sub-link/a0F36000006V2vHEAS. The Booking and Ticketing Policy applies to "Any travel agency, Accredited Subscriber, Non-Accredited Subscriber, CTD, CRS/GDS subscriber, and any other person or entity accessing United's internal reservation system content via the Internet or any other electronic means." *Id.* at Article I and Article II, ¶ 37. The policy prohibits such persons or entities from engaging in "Prohibited Practices," which include, among other things, utilizing "Hidden Cities/Points Beyond Ticketing, Impossible/Illogical Booking, No-Show, Off Plating and Throwaway Ticketing, circumvention of United's Married Segment control logic, United inventory access violations and any violation of United's Contract of Carriage." *Id.* at Article II, ¶ 31. Because Kiwi appears to be "accessing United's internal reservation system via the Internet or any other electronic means," Kiwi is subject to the Booking and Ticketing Policy and is directly violating the policy. In addition, because Kiwi is using airline consolidators to access United's fares and schedules, Kiwi is tortiously interfering with United's Booking and Ticketing Policy by actively inducing such consolidators to violate the policy. Indeed, travel hacks aside, Kiwi induces blatant violations of this policy simply by encouraging consolidators to improperly share United's content with Kiwi. *See* Article III, ¶ 14 ("Redistribution - Travel Service Provider shall not, without United's prior written consent, redistribute, share, or in any other manner make United's content of any kind available (collectively, "Redistribute"), directly or indirectly, to any: (i) GDS, (ii) OTAs/travel agencies, (iii) Metasearch Site or (iv) Unsuitable Web Page (each a "Restricted Entity").").

In addition, any user that accesses and uses United's website is legally bound by the Agreement Between User and United Airlines, Inc. ("User Agreement"). *See* United's Terms, Conditions and Legal Notices for United.com, *Agreement Between User and United Airlines, Inc.*, available at https://www.united.com/en/us/fly/website-terms-conditions-legal-notices.html. Kiwi's conduct also violates the User Agreement, which prohibits users of United.com from "mak[ing] any speculative, false or fraudulent purchase or reservation." *Id.* Through the User Agreement, Kiwi "agree[d] that the reservation features of this website shall be used only to make legitimate reservations or purchases"—an agreement that Kiwi is blatantly violating though its marketing and sale of itineraries involving "travel hacks." *Id.*

October 24, 2024
Page 3



## II. Kiwi's Unauthorized Use of United.com Violates the United.com User Agreement and Infringes on United's Trademarks.

Kiwi accesses and uses United.com in a manner that blatantly violates many provisions of the User Agreement, including but not limited to the following:

- "User represents and warrants that he or she possesses the legal right and ability to enter into this Agreement and to use this website in accordance with all terms and conditions herein."

- "The reservation features of this website are provided solely to permit User to determine the availability of travel related goods and services and to make legitimate reservations or otherwise transact business with suppliers, and for no other purposes."

- "This website is for the User's personal, noncommercial use only. User agrees not to modify, copy, alter, distribute, transmit, display, perform, reproduce, publish, license, create derivative works from, transfer, or sell any information, software, products or services obtained from this website without United's prior written permission."

- "User agrees not to use any robot, spider, other automatic device, or manual process to monitor or copy this website or the content contained therein or for any other unauthorized purpose without United's prior written permission."

- "All copyrights, trademarks, trade names, logos, and service marks (the 'Marks') displayed on this website are United's property or the property of other third parties. User is not permitted to use these Marks without United's prior written consent or the consent of such third parties that may own the Marks."

See https://www.united.com/en/us/fly/website-terms-conditions-legal-notices.html.

Specifically, Kiwi improperly accesses United's website and republishes—often misleadingly—United's flight and fare schedules on Kiwi.com for its own commercial purposes. Kiwi does so without United's authorization. Thus, Kiwi's conduct blatantly violates Kiwi's agreements that United's "website is for the User's personal, *noncommercial use only*," and that Kiwi will not "modify, copy, alter, distribute, transmit, display, perform, reproduce, publish, license, create derivative works from, transfer, or sell any information, software, products or services obtained from this website without United's prior written permission." *Id.*

It appears Kiwi accomplishes its unlawful commercial sales of United's fares by improperly harvesting and/or scraping data from United.com. Kiwi's scraping of United's website also violates the User Agreement, in which Kiwi "agree[d] not to use any robot, spider, other automatic device, or manual process to monitor or copy this website or the content contained therein or for any unauthorized purpose without United's prior written permission." *Id.*

Kiwi obviously is aware that its conduct is unauthorized, but it willfully continues to access and use United's website improperly and without authorization. Indeed, when United implemented security measures to block Kiwi from engaging in this improper conduct, Kiwi circumvented those measures, apparently utilizing consolidators to continue to access and republish United's fares.

October 24, 2024
Page 4

UNITED



Kiwi also violates the User Agreement, as well as federal law, by misusing United's registered trademarks on Kiwi.com. Kiwi's misuse of United's registered trademarks includes, but is not limited to, displaying United's logo, as depicted in the screenshot above.

United's registered trademarks provide United with the exclusive right to use the trademarks, including the United logo depicted above, in connection with transportation of persons, property and mail by air; airline check-in services; travel ticket reservation services; online transportation reservation services; providing a website featuring information on travel; travel information; and booking of tickets for travel, as well as the right to exclude third parties from unauthorized use of these marks. And as set forth above, the User Agreement provides that "[a]ll copyrights, trademarks, trade names, logos, and service marks (the 'Marks') displayed on this website are United's property or the property of other third parties. User is not permitted to use these Marks without United's prior written consent or the consent of such third parties that may own the Marks."

## III. Kiwi's Deceptive and Fraudulent Conduct Harms United and its Customers and Violates the Law.

Kiwi's conduct described above harms United in numerous ways, including causing United to lose revenue and incur costs associated with delays, re-booking challenges, and related issues created by travel hacks. United is also harmed in the form of eroding consumer goodwill and the damaging United's brand and trademarks. As a result, United has experienced—and continues to experience—irreparable damage to its goodwill and reputation due to Kiwi's actions.

Kiwi's "travel hacks" cause numerous problems for passengers—overriding certain customer protections and inducing detrimental travel experiences—including, but not limited to, creating re-booking challenges, challenges with checking luggage, challenges with visa documentation, and risking

October 24, 2024
Page 5



the customer being barred from future travel or losing frequent flyer benefits due to misconduct that violates United's policies and Contract of Carriage. It is no surprise that United has received numerous customer complaints regarding itineraries purchased through Kiwi involving travel hacks.

United's customer goodwill is further damaged because Kiwi engages in conduct that deceives and defrauds consumers in association with their travel on United. For example, Kiwi advertises and charges baggage fees that are excessive and grossly inflated from the amount that United requires consumers to pay:

*Compare* **Kiwi.com**



*with* **United.com**



October 24, 2024
Page 6



Additionally, while United's policies provide consumers with full refunds for cancelled trips under certain circumstances (including fully refunding tickets cancelled within 24 hours of purchase), Kiwi charges consumers additional amounts for purported cancellation and refund options even though Kiwi does not appear to offer a full refund under *any* circumstances. This does not stop Kiwi from misleading customers by claiming they can rebook or cancel their trip up to 48 hours before departure:



Indeed, when most customers attempt to refund more than 48 hours before departure, they are offered only 10 EUR in Kiwi.com credit. This is true even if their refund attempt is made within 24 hours of purchase—a scenario in which a customer could obtain a full refund if booking directly through United:

October 24, 2024
Page 7



## Ticket types

### Saver Ticket

- It's not possible to change your trip. If your existing trip doesn't work for you anymore, you can cancel it and book a new one.
- If you cancel, you'll get €10 in Kiwi.com Credit that you can use for a new booking — but only when your booking costs more than €20.

### Standard Ticket

- If you change your trip, you'll only pay the difference for the new booking. We'll cover the rest.
- If you cancel, you'll get €10 in Kiwi.com Credit that you can use for a new booking — but only when your booking costs more than €20.

### Flexi Ticket

- If you change your trip, you'll only pay the difference for the new booking. We'll cover the rest.
- If you cancel, you'll get back 80% of the price you paid for the carrier ticket and their services, such as bags or seats. You can choose how to receive it — either as a monetary refund or in Kiwi.com Credit.

What's more, Kiwi purports to override United's refund policies—set forth in United's Contract of Carriage—and discourages consumers from seeking a refund directly from United. This deceptive conduct harms consumers because, in instances where United's refund policy is more generous than the refund options sold by Kiwi, Kiwi collects the larger refund amount from United and pockets the difference rather than returning it to the consumer:

**Fare/Ticket Type** section acknowledges
Kiwi overrides the carrier refund policy

There are a couple of details you should know before you change or cancel:

It's only possible to change your trip once under Standard and Flexi Ticket conditions. After you make the change, Saver Ticket rules will apply for all other changes or cancellations.

When you cancel and request a refund with us, we'll refund you depending on your ticket type regardless of the carrier policy. If the carrier provides any further refund on top of this amount, we have the right to keep it as a fee for our service.

**Can I cancel with the carriers directly?**

You might choose not to cancel your ticket with us, and go directly to the carriers. But their policies and the way we book trips vary, so it might not always be possible to get a refund.

Kiwi further defrauds consumers by charging them for "disruption protection" that purportedly protects passengers from travel disruptions (such as cancellations or significantly delayed flights) that would already be covered if booked directly through United:

October 24, 2024
Page 8





Kiwi exacerbates and attempts to conceal this fraudulent conduct by using methods of booking intended to deceive United, conceal consumers' information from United, and interfere with United's ability to communicate directly with the consumer. For example, Kiwi creates fake email addresses when booking travel with United so that United cannot contact customers directly via email. Similarly, even when customers book travel using a credit card, Kiwi creates false payment information, making it appear in United's internal systems that the customers paid with cash. Kiwi does so to conceal from United the identifying and contact information associated with the credit cards:



The conduct set forth above not only violates and tortiously interferes with United's contracts—it also violates state laws, including but not limited to the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.[1] Moreover, each of the wire transmissions associated with these deceptive transactions unquestionably constitute wire fraud under 18

---

[1] Under the User Agreement, Kiwi "consent[ed] to the exclusive jurisdiction and venue of courts in Cook County, Illinois, U.S.A., in all disputes arising out of or relating to the use of this website." All such disputes are governed by Illinois law. *Id.*

October 24, 2024
Page 9



U.S.C. § 1343, and thus serve as predicate acts in support of a civil RICO claim against Kiwi. *See* 18 U.S.C. §§ 1961(1), 1962, 1964.

*     *     *

For avoidance of doubt, this letter is not meant to identify each and every unlawful act committed by Kiwi, nor every possible cause of action stemming from Kiwi's conduct. United expressly reserves all rights to pursue any and all claims and causes of action in law or equity.

United reiterates its demand that Kiwi immediately cease and desist the behavior described herein. Specifically, United demands that Kiwi and its affiliates immediately cease and desist:

1. Publishing United fares and flight schedules

2. Marketing, advertising, and selling United airfares

3. Accessing and/or using United.com for any commercial purpose

4. Scraping and/or harvesting data from United.com

5. Displaying and/or utilizing United's registered trademarks

Should Kiwi fail to confirm in writing within seven (7) days of this letter that it has ceased its unlawful conduct, United is prepared to pursue further legal action to protect its rights, including by filing a lawsuit in the United States District Court for the Northern District of Illinois.

Thank you for your attention to this matter. Do not hesitate to contact me should you wish to discuss these matters further.

Sincerely,

Javaria Neagle
Associate General Counsel-
Litigation
United Airlines, Inc.

cc:     Kiwi.com, Inc.
c/o its Registered Agent
Northwest St. Registered Agent Services, LLC
7901 4th St. N, Suite 300
St. Petersburg, FL 33702

David Liskutin, General Counsel (via email: david.liskutin@kiwi.com)
Mitzi Berberi, Chief Legal Officer (via email: mitzi.berberi@kiwi.com)



**Oscar Castellano**
Director of Business Development Americas
**Kiwi.com, Inc.**
790 I 4th St. N, Suite 3 00
St. Petersburg, FL 33702

**06 November 2024**

**Javaria Neagle**
Associate General Counsel, Litigation
**United Airlines, Inc.**
Legal Department HDQLD 233 S. Wacker Drive, 11th floor Chicago, IL 60606
e-mail: javaria.neagle@united.com

*Without prejudice*

<u>**Subject**</u>: <u>Response to Cease and Desist Letter</u>

Dear Ms Neagle,

I hope this letter finds you well.

We appreciate the extension granted for responding to your company's letter dated October 24, 2024. This additional time has allowed us to carefully review and consider all aspects of our relationship.

Following our internal discussions, we were quite surprised to receive your letter, as it appears inconsistent with the considerable efforts made by both of our commercial teams to advance our ongoing negotiations for mutual cooperation. According to our internal records, both parties diligently reviewed and reached a consensus on the final version of the distribution agreement, and we are prepared to execute this version at your earliest convenience. Following this consensus, however, your team ceased communication on the matter without providing any explanation or reason for the delay.

It is also worth noting that, as recently as October 9, 2024, your team requested the inclusion of United Airlines' inventory to be displayed as part of Kiwi.com's new redirect product and also in our agreement. We promptly submitted a proposal in response and have since been awaiting your feedback on this matter. Your commercial team also committed to sending their commercial guidance on how to proceed prior to our next board meeting taking place on November 19, 2024.

Signing this agreement would enable us to fully comply with your distribution policy, as we would receive the necessary credentials to book your flights via GDS. More importantly, it would open the door for further collaborative opportunities, establishing a stronger partnership and



addressing any potential concerns about our intentions and operations. We believe this context highlights our commitment to a cooperative and compliant relationship, and we remain hopeful about the positive outcomes this agreement can bring.

In light of this, we view the current situation as a likely misunderstanding. While we do not wish to address the specific points raised in your letter at this stage or concede their validity, we strongly believe that promptly concluding our commercial negotiations is the most effective and straightforward resolution.

Thank you for your understanding and attention to this important matter. We look forward to your response and to solidifying our partnership.


Yours sincerely,


**Oscar Castellano**
Director of Business Development Americas
**Kiwi.com, Inc.**



**Javaria Neagle**
Associate General Counsel–Litigation
javaria.neagle@united.com

Legal Department HDQLD
233 S. Wacker Drive, 11th floor
Chicago, IL 60606
united.com

November 25, 2024

**<u>VIA FEDERAL EXPRESS AND VIA E-MAIL</u>**

Oscar Castellano
Director of Business Development Americas
Kiwi.com, Inc.
7901 4th St. N, Suite 300
St. Petersburg, FL 33702

   **Re:  Cease and Desist and Demand to Preserve Records**

Dear Mr. Castellano:

  I am in receipt of your November 6, 2024 letter that purports to be a response to my cease-and-desist letter of October 24, 2024. As you candidly admit, however, your letter does not actually address—much less refute—any of the points regarding Kiwi's unlawful conduct that were set forth in my letter. We interpret your silence as an admission that Kiwi is, in fact, committing the unlawful conduct alleged. Instead of addressing our claims, you suggest that there is a "misunderstanding" because, you claim, United and Kiwi earlier this year "reached a consensus on the final version of" a distribution agreement, which merely needs to be executed by the parties.

  Let me be clear: there is no agreement between United and Kiwi, and no misunderstanding. Nor was there any request by United, as your letter falsely states, that United's inventory be displayed as part of Kiwi.com's new redirect product (or any other Kiwi.com product). To the contrary, as my letter set forth in detail, Kiwi is improperly, and without authorization from United, accessing and using United's website, advertising and selling United's fares on Kiwi.com, and misusing United's trademarks. Kiwi's unlawful conduct violates and induces violations of United's Contract of Carriage and its Booking and Ticketing Policy, violates the United.com user agreement, infringes on United's registered trademarks, and violates various state and federal laws.

  Accordingly, please confirm in writing within seven (7) days of the date of this letter that Kiwi will comply with United's demands to cease and desist as described in my October 24, 2024 letter.

       Sincerely,

       Javaria

       Javaria Neagle
       Associate General Counsel – Litigation
       United Airlines, Inc.